FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAY 13 2011

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CATHERINE HANSON, AL LOISE and CYNTHIA CARNS, on behalf of themselves and others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> INK PUBLISHING CORPORATION, <br><br> Defendant. | CIVIL ACTION FILE: <br><br> **1:11-CV-1563** <br><br> Jury Demand <br><br> Collective Action |

## COMPLAINT

NOW COMES Catherine Hanson, Al Loise and Cynthia Carns (collectively "Plaintiffs"), on behalf of themselves and all other similarly situated persons, and bring this collective action against Ink Publishing Corporation ("Defendant") and show:

### I. INTRODUCTION

1. Plaintiffs' claims in this case are based on the failure of Defendant Publishing Corporation ("Defendant" or "Ink") to pay overtime wages to Plaintiffs and other similarly situated sales employees for the substantial overtime hours they have worked. Defendant classified Plaintiffs and the other similarly situated employees as "exempt" from the overtime

1

requirements of Fair Labor Standards Act, 29 U.S.C. §201 et. seq. ("FLSA"). Defendant's failure to pay overtime wages to Plaintiffs and the other similarly situated employees violated 29 U.S.C. §207 because the Plaintiffs and other similarly situated employees do not satisfy the requirements of any applicable exemption under the FLSA.

2. As a result of Defendant's violation of the FLSA, Plaintiffs seek overtime wages, liquidated damages, interest, and attorneys' fees and costs pursuant to 29 U.S.C. §216 on behalf of themselves and similarly situated individuals who have worked for Defendant ("Collective Action Members") for the period commencing three (3) years prior to the filing of this Complaint or the Collective Action Members' respective consents to be included in this collective action

## II. PARTIES

3. Catherine Hanson ("Hanson") is a former employee of Ink Publishing Corporation and a resident of the state of Georgia. Ms. Hanson was employed by Defendant as a sales executive from January 8, 2009 through August 6, 2010.

4. Al Loise ("Loise") is a former employee of Ink Publishing Corporation and a resident of the state of Georgia. Mr. Loise was employed by Defendant as a sales executive beginning in June, 2009 and continuing

2

into February of 2010.

5. Cynthia Carns ("Carns") is a former employee of Ink Publishing Corporation and a resident of the state of Georgia. Ms. Carns was employed by Defendant as a sales executive beginning in June of 2009 and continuing into May of 2010.

6. Defendant is a foreign corporation organized and existing under Delaware law. Defendant may be served with process through its Registered Agent, Corporation Service Company, 40 Technology Parkway South #300, Norcross, Georgia, 30092.

### III. JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over federal questions raised under the FLSA pursuant to 28 U.S.C.S. §§ 1331 and 1337.

8. Venue is proper in the Northern District of Georgia, under 28 U.S.C. §1391(b), since the Defendant resides in this judicial district. In addition, a substantial part of the events or omissions giving rise to the claims occurred in this judicial district. Plaintiffs worked for Defendant at its offices located within Atlanta, Georgia.

9. This Court has personal jurisdiction over the Defendant since Defendant has offices and agents in this judicial district and does business in the Northern District of Georgia, and, it is, therefore, considered to be a

citizen of Georgia.

## IV. THE COLLECTIVE ACTION MEMBERS

10. The term "Collective Action Members" as used in this complaint refers to those additional persons represented by the Plaintiffs pursuant to the collective action provision of 29 U.S.C. § 216(b).

11. The Class is defined as:

> All sales executives and other salespersons who were employed by Defendant for the 3 year period proceeding the filing of complaint through the present to whom the Defendant failed to pay overtime compensation required by federal law.

12. The Plaintiffs bring this case as a collective action for all Collective Action Members, as defined in the preceding paragraph.

## V. STATEMENT OF PERTINENT FACTS

13. At all times mentioned in this action, Defendant sold advertising from its Georgia office and other locations in the United States.

14. Plaintiffs and the Collective Action Members were employed by Defendant as sales executives, sales representatives or other sales persons at Defendant's offices located in Atlanta, Georgia, New York and California.

15. As sales executives and other sales persons, Plaintiffs and the Collective Action Members were employed to sell advertising for

4

Defendant.

16. Defendant paid Plaintiffs and the Collective Action Members under a common compensation plan and policy.

17. Defendant paid Plaintiffs and the Collective Action Members a base salary.

18. Plaintiffs and the Collective Action Members were also given the opportunity to earn additional compensation in the form of commissions based upon a percentage of advertising sold by the respective Plaintiff or Collective Action Member.

19. At all times relevant to this action, the majority of Plaintiffs and the Collective Action Members' compensation was comprised of base salary.

20. Plaintiffs and the Collective Action Members worked in excess of 40 hours per week for which they were not compensated at a rate of not less than one and one-half their regular rate of pay.

21. Hanson worked approximately 66 hours per week during a normal week and approximately 75 hours per week during a closing week.

22. Loise worked approximately 55 hours per week during a normal week and approximately 60 hours per week during a closing week.

23. Carns worked approximately 61 hours per week during a

normal week and approximately 71 hours per week during closing week.

24. Defendant knew or had constructive notice that Plaintiffs and the Collective Action Members worked overtime.

25. Plaintiffs and the Collective Action Members were regularly present in the office working overtime.

26. In addition, Defendant's management encouraged Plaintiffs and the Collective Action Members to work overtime at the office.

27. Defendant classified Plaintiffs as exempt under the FLSA.

28. Defendant misclassified as exempt under the FLSA because the commissions of Plaintiffs and the Collective Action Members failed to comprise at least fifty percent (50%) of their compensation.

29. Plaintiffs and the Class Members were not exempt under 29 U.S.C. § 779.410.

30. Defendant has maintained and applied a single common policy, plan, and practice of not paying Plaintiffs and the Collective Action Members overtime wages required under the FLSA, and by misclassifying Plaintiffs and the Collective Action Members as exempt under the FLSA.

31. Defendant has failed to maintain records of the number of hours worked by Plaintiffs and the Collective Action Members as required by the FLSA.

32. Defendant has misled and induced Plaintiffs and the Collective Action Members to believe they are exempt from overtime.

33. Plaintiffs and the Collective Action Members relied upon Defendant's misrepresentations about their exempt status.

## VI. COLLECTIVE ACTION ALLEGATIONS UNDER 29 U.S.C. § 216(b)

34. Plaintiffs bring the claims under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of the Collective Action Members, who include all persons who have worked for Defendant as sales executives at any time within the past three (3) years or the applicable statute of limitations.

35. Plaintiffs and the Collective Action Members performed the same or substantially similar duties for Defendant, were subject to Defendant's common policy and practice of misclassifying them as exempt employees and not paying at least one and one-half times the employees' regular rate for overtime, have otherwise been subject to common compensation plans, policies and practices, and are otherwise "similarly situated" employees within the meaning of the FLSA.

36. The overtime violations may be brought and maintained as a "opt-in" collective action pursuant to 29 U.S.C. § 216(b), because Plaintiffs and the Collective Action Members are similarly situated.

37. The names and addresses of the FLSA Collective Action Members are available from Defendant, and Plaintiffs request an order requiring Defendant to provide the names and addresses and all available contact information for all Collective Action Members, so notice can be provided to them of the pendency of this action, and their right to opt-in to this action. Plaintiffs further request that the applicable statute of limitations be tolled based on, among other reasons, Defendant's conduct in misrepresenting the facts to Collective Action Members with regard to their eligibility for overtime pay.

38. Plaintiffs and the Class Members were not paid overtime compensation as required by 29 U.S.C. § 207.

## VII. CLAIM: (Individual and Collective claims for Violation of 29 U.S.C. § 207)

39. Each and every allegation contained in the foregoing paragraphs are re-alleged as if fully set forth herein.

40. Defendant is an "employer" and employs Plaintiffs and the Collective Action Members as "employees" within the meaning of the FLSA, 29 U.S.C. § 203(d).

41. Defendant is engaged in "commerce" and/or in the production of "goods" for "commerce."

42. Defendant is an enterprise engaged in commerce within the

meaning of the FLSA, 29 U.S.C. § 203(s)(1), because it has employees engaged in commerce, and because its annual gross volume of sales made is more than $500,000.

43. Plaintiffs consent to sue in this action pursuant to 29 U.S.C. § 216(b). A consent to sue executed by each Plaintiff is attached hereto and incorporated herein as Exhibit A.

44. Defendant misclassified Plaintiffs and the Collective Action Members as exempt employees.

45. Defendant failed to pay Plaintiffs and the Collective Action Members wages at a rate of one and one-half (1 ½) times their regular rate, for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207.

46. At all relevant times, Defendant had a policy, practice and procedure of misclassifying the Plaintiffs and Collective Action Members as exempt and, failing to pay them wages at a rate of one and one-half (1 ½) times their regular rate, for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207.

47. Defendants knowingly, intentionally and willfully violated the FLSA with respect to Plaintiffs and the Collective Action Members.

48. Throughout the relevant period of this lawsuit, there is no

evidence that Defendant's conduct that gave rise to this action was in good faith and based on reasonable grounds for believing that their conduct did not violate the FLSA.

49. Due to Defendant's FLSA violations, Plaintiffs and the Collective Action Members are entitled to recover from Defendant, unpaid overtime compensation and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to 29 U.S.C. § 216(b), all in an amount to be determined at trial.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all Collective Action Members, respectfully pray that this Court grant relief as follows:

    a.    Certification of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to potential Collective Action Members, apprising them of the pendency of this action, and providing them with notice of their right to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. §216(b);

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

c. Award Plaintiffs and the Collective Action Members judgment for lost overtime compensation calculated at one and one-half times the regular rate that Plaintiffs would have received but for Defendants unlawful conduct, as well as liquidated damages, interest and attorneys' fees as provided for under the FLSA;

d. Award Plaintiffs and the Collective Action Members Costs of this action, including expert fees;

e. Grant Plaintiffs and the Collective Action Members a jury trial on all issues so triable; and

f. Award Plaintiffs and the Collective Action Members such other and further relief as the Court may deem just and proper.

Dated: May 10, 2011.

/s/ Ainsworth G. Dudley
Ainsworth G. Dudley
Georgia Bar No. 231745
Eve Hawkins
Georgia Bar No. 115320
Attorneys for Plaintiffs

4200 Northside Parkway
Building One, Suite 200

Atlanta, GA 30327
Tel.: 404.687.8205
Fax: 404.237.2150
dudleylaw@imnisp.com

## **CERTIFICATE OF COMPLIANCE**

This is to certify that the foregoing has been prepared using Times New Roman 14 point font.

This 10th day of May, 2011.

/s/*Ainsworth G. Dudley*
Ainsworth G. Dudley
(Georgia Bar No. 231745)
Attorney for Plaintiffs

4200 Northside Pkwy, 1 - 200
Atlanta, Georgia 30329
Tel: (404) 687-8205
Fax: (404) 237-2136
dudleylaw@imnisp.com

## CONSENT

Pursuant to 29 U.S.C. § 216(b), I consent to join the wage and hour claim against Ink Publishing Corporation filed in the United States District Court for the Northern District of Georgia.

Date: May 12th, 2011            [signature]

## **CONSENT**

Pursuant to 29 U.S.C. § 216(b), I consent to join the wage and hour claim against Ink Publishing Corporation filed in the United States District Court for the Northern District of Georgia.

Date: 05/12/2011                              _[signature]_

## **CONSENT**

Pursuant to 29 U.S.C. § 216(b), I consent to join the wage and hour claim against Ink Publishing Corporation filed in the United States District Court for the Northern District of Georgia.

Date: 5-12-11

## VERIFICATION

Personally appeared before the undersigned officer duly authorized to administer oaths, Catherine Hanson, who after being duly sworn, deposes and states that the facts contained in the foregoing Complaint are true and correct to the best of my knowledge and belief.

This 12 day of May, 2011.

Catherine Hanson

Sworn to and Subscribed Before me,
this 12 day of May, 2011.

Notary Public



## VERIFICATION

Personally appeared before the undersigned officer duly authorized to administer oaths, Cynthia Carnes, who after being duly sworn, deposes and states that the facts contained in the foregoing Complaint are true and correct to the best of my knowledge and belief.

This 12 day of May, 2011.

Cynthia Carnes

Sworn to and Subscribed Before me,
this 12 day of May, 2011.

Notary Public



## VERIFICATION

Personally appeared before the undersigned officer duly authorized to administer oaths, Al Loise, who after being duly sworn, deposes and states that the facts contained in the foregoing Complaint are true and correct to the best of my knowledge and belief.

This 12 day of May, 2011.



Al Loise

Sworn to and Subscribed Before me,
this 12 day of May, 2011.

Notary Public



MITCHELL STUART GRAHAM
MY COMMISSION EXPIRES
MARCH 25 2012
FULTON CO., GEORGIA
NOTARY PUBLIC