UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CATHERINE HANSON et. al., | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION FILE: |
| | ) | 1:11-CV-1563-RLV |
| v. | ) | |
| | ) | |
| INK PUBLISHING CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## JOINT MOTION TO APPROVE SETTLEMENT OF PLAINTIFFS' CLAIMS UNDER THE FAIR LABOR STANDARDS ACT

The parties hereby file this Joint Motion To Approve The Settlement Of Plaintiffs' Claims Under The Fair Labor Standards Act ("FLSA"). Upon review of the proposed settlement for fairness pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982), the parties request the Court to enter an order approving the settlement, after which the parties shall file a stipulation of dismissal. As discussed below, the proposed settlement is a reasonable compromise of plaintiffs' claims and furthers implementation of the FLSA in defendant's workplace. *See Dees v. Hydrady, Inc.,* No. 8:09-cv-1405-T-23TBM, 2010 WL 1539813, at *5 (M.D. Fla. Apr. 19, 2010).

## *The Settlement is Fair and Reasonable*

The parties move the Court to approve settlement of the FLSA claims of the last remaining Plaintiff, Catherine Hanson, and three (3) of the four (4) remaining opt-in plaintiffs: Hope Levy, Kevin Collins and David Low (collectively referred to as "Plaintiffs").[1]  Plaintiffs were employed by Defendant as sales executives. They claim that they each worked overtime and are entitled to overtime wages, liquidated damages and attorneys' fees.  Defendant denies it violated the FLSA, and contends that its sales executives are exempt under the FLSA. The parties have engaged in significant discovery and litigation, and expended considerable time in settlement negotiations, including a failed mediation.  The parties recently agreed to settle plaintiffs' FLSA claims.

The parties' settlement represents a compromise of plaintiffs' claims.  Under the terms of the settlement, Defendant will pay damages under the FLSA in the amount of $58,428.56.[2]  This figure represents

---

[1]     The other remaining opt-in plaintiff, David Levy has agreed to dismiss his case without prejudice. All other Plaintiffs and opt-in plaintiffs have filed notices of dismissal of their claims.

[2]     Hanson and Levy and former opt-in plaintiffs Loise, Carns and Sinnett have also agreed to settle and dismiss Civil Action No. 1:11-CV-01564-RLV pending in this Court, in addition to this case. The settlement of Civil Action No. 1:11-CV-01564-RLV  is contingent upon Court

disputed overtime wages, an equal amount in liquidated damages, plus the payment of plaintiffs' attorney's fees and costs. Exhibit 1 contains a breakdown of the payments under the FLSA to each plaintiff. Exhibit 2 contains the parties' proposed settlement agreement for each plaintiff seeking to settle their FLSA claim. The parties believe that the proposed settlement is reasonable and should therefore be approved.

The plaintiffs were employed as exempt sales executives. Defendant claims each Plaintiff was exempt pursuant to the FLSA's administrative exemption.[3] Defendant further claims that even if each plaintiff was not exempt, that they did not work over 40 hours per week. Plaintiff contends that Defendant misclassified each plaintiff as exempt, and that each Plaintiff worked in excess of 40 hours per week.

Based upon the disputed issues, each plaintiff has agreed to accept less than his or her claim. The settlement amount for each plaintiff took into account a wide range of possible outcomes that would be impacted by numerous disputed facts involving the amount of time

---

approval of this case. The settlement agreements of Hanson and Levy contain settlement payments related to Civil Action No. 1:11-CV-01564-RLV, as well as this case.

[3]   One opt-in Plaintiff, David Levy, was also exempt under the highly compensated exemption and as such, Mr. Levy is not similar to the other Plaintiffs according to Defendant. Accordingly, Mr. Levy will dismiss his FLSA claim without prejudice after approval of this settlement.

worked by each Plaintiff and the applicability of the exemptions claimed by Defendant.

The first major disputed issue concerns the number of hours worked by each Plaintiff. Because each Plaintiff was classified as exempt, Defendant kept no time records of the number of hours worked by Plaintiffs.[4] Likewise, Plaintiffs did not maintain daily or weekly records. Plaintiffs claim they were required to be at work from 9:00 am to 5:00 pm. each day during the workweek, but also worked after hours at work and home generating leads and performing other work tasks. In agreeing to settle the FLSA claims, the parties agreed to compromise on this issue because of the difficulty of proving the exact number of hours worked by Plaintiff each week.

Other major issues concern the applicability of the exemptions claimed by Defendant. The administrative exemption will, under the allegations made involve the application of disputed facts. Moreover, if proven by Defendant, the application of the exemption bars Plaintiffs claims in their entirety, resulting in a winner take all result.[5] This

---

[4]   Defendant contends it can establish work hours through computer and telephone records and eye witness testimony.

[5]   Also, the parties were influenced by conflicting caselaw and DOL guidelines and regulations regarding the applicability of the administrative exemption to sales persons.

factor served as further inducement for the parties to compromise the claims.

Given these risks and factual circumstances, the parties faced substantial continuing litigation expenses to bring the case to conclusion with no guarantee of success. *See Leverso v. SouthTrust Bank of Ala.*, 18 F.3d 1527, 1531 & n. 6 (11th Cir. 1994) (listing the considerations for approving an FLSA settlement). And the duration of the case would have been extended by many months—which, given the plaintiffs' personal circumstances, may impose hardship. *Id.*

The parties have found the settlement to be fair and reasonable. *See id.* After the settlement was reached, all plaintiffs were informed by their counsel as to the settlement terms including the settlement payment to each of them as well as the attorneys' fees and costs associated with the settlement. Each plaintiff was thoroughly advised by plaintiffs' counsel of the range of possible outcomes in this litigation, and the risks associated with going to trial. Each plaintiff accepted the settlement terms and executed an individual Settlement Agreement.

Counsel's opinions likewise favored the proposed settlement in light of the evidence and testimonial risks. *Id.* Finally, there has been

no collusion or fraud.  The settlement was reached through arm's length negotiation between the parties' counsel.  *Id.*

### *The Amount of Attorneys' Fees is Fair and Reasonable*

Plaintiffs' counsel will receive a payment from the defendants totaling $25,428.56 in attorney's fees and costs.  That figure includes out-of-pocket expenses of $3,428.56 incurred by plaintiffs' counsel in filing and serving the complaint, participating in mediation, preparing damages spreadsheets, and messenger, copying and postage costs.  That figure also includes attorneys' fees in the amount of $22,000, far less than counsel actually expended in representing Plaintiffs.

The amount counsel has agreed to accept as attorneys' fees and costs is a reduction of the amount counsel actually incurred in prosecuting Plaintiffs' claims. Plaintiffs' counsel expended in excess of 200 hours in investigating, litigating, attending mediation and negotiating the settlement of the plaintiffs' claim.  This time included numerous interviews, conferences and tele-conferences with plaintiffs and opt-in plaintiffs; interviews with  witnesses; preparation of the complaint; preparation of preliminary planning report and initial disclosures; attending mediation; preparing and serving and responding

to discovery requests; review and analysis of several hundred documents; settlement negotiations; preparation for depositions; preparation for and defending motions; preparation of additional pleadings; preparation of settlement agreements; verbal and written communications with counsel; and preparation of this joint settlement motion. *Id.*

The customary hourly rate for plaintiff's counsel is $300, which is a reasonable rate in FLSA cases for experienced counsel.[6]    In two recent FLSA cases filed in the Northern District of Georgia, the Court approved substantially higher hourly rates.   *See Allen v. SunTrust Bank*, 1:06-CV-3075-RWS, Docs. 161 at 17; 163; *Riddle v. SunTrust Bank*, 1:08-CV-1411-RWS, Docs. 66 at 22; 71.

Moreover, plaintiffs' counsel rates are comparable to rates approved in similar jurisdictions.   *See, e.g., Topp, Inc., v. Uniden America Corporation*, 2007 WL 2155604, at *2 (S.D. Fla. July 25, 2007) (approving hourly rate of $551 for an Atlanta based Alston & Bird partner who graduated law school in 1977); *see Perez v. Carey Intern., Inc.*, No. 08-16115, 2010 WL 1408288, *3-*4 (11th Cir. April 09, 2010)

---

[6] Plaintiffs' lead counsel has 22 years experience litigating FLSA and other types of employment cases.

(affirming that $350 is a reasonable hourly rate for experienced Miami, Florida counsel in an FLSA case that was settled); *Caone v. Aetna Life Ins. Co.*, 1:06-CV-3014-MNS, 2010 WL 6029242, at *8 (N.D. Ga. Dec. 22, 2010) (approving hourly rate of $425 for Atlanta-based attorney who graduated law school in 1994).

Notably, a lodestar calculation of plaintiffs' counsel's attorneys' fee, based on rates of $300 multiplied by hours worked, totals substantially more than requested by Plaintiffs' counsel. If a lodestar calculation was used here, a reasonable attorneys' fee would be *greater* than the amount plaintiffs' counsel would receive under the settlement agreements in the instant case.

Accordingly, the proposed attorney's fee for plaintiffs' counsel of $22,000 is a fair and reasonable amount under the FLSA. *See Dail v. George A. Arab, Inc.*, 391 F. Supp. 2d 1142, 1146-47 (M.D. Fla. 2005) ("The FLSA does not require the court to assess the fairness of an agreed payment of attorneys' fees in settling an individual [FLSA] action."). Moreover, defendant has  no objection to the attorney's fee paid to plaintiffs' counsel. *See Dail v. George A. Arab, Inc.*, 391 F. Supp.2d 1142, 1147 (M.D. Fla. 2005).

### *The Settlement Promotes Implementation Of The FLSA In The Workplace*

Although defendants admit no wrongdoing in the settlement agreements, paying the amounts agreed upon in the Settlement Agreement will certainly ensure future compliance by the defendants with their FLSA obligations. Under these circumstances, the proposed settlement agreement furthers implementation of the FLSA in the workplace.

### CONCLUSION

For the foregoing reasons, the Court should approve the parties' proposed settlement of plaintiffs' FLSA claims.

/s/ Ainsworth G. Dudley
Ainsworth G. Dudley
Georgia Bar No. 231745
4200 Northside Parkway
Building 1, Suite 200
Atlanta, Georgia 30327
(404) 687-8205
(404) 237-2150 (Facsimile)
dudleylaw@imnisp.com
Attorney for Plaintiffs

/s/ Steven J. Whitehead
Joseph M. English
Georgia Bar No. 248890
Steven J. Whitehead
Georgia Bar No. 755480
1600 Parkwood Circle, Suite 400
Atlanta, Georgia 30339
(770) 434-6868

Attorneys for Defendant

## CERTIFICATE OF SERVICE AND COMPLIANCE

I certify that this document was prepared using Times New Roman 14 point, a font permitted by the Local Rules of this Court.

I further certify that a copy of the foregoing was electronically filed with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all attorneys of record.

Dated:  May 16, 2012.

/s/ *Ainsworth G. Dudley*
Ainsworth G. Dudley
Attorney for Plaintiffs

# Exhibit 1

**Proposed Settlement Payments to Each Plaintiff
And Attorney's Fees and Costs Paid on Behalf of Each Plaintiff
Under the FLSA**

|  | Settlement Payment | Attorney's Fees | Costs |
|---|---|---|---|
| Hanson, Catherine | $14,000.00 | $6,000.00 | $ 857.14 |
| Levy, Hope | $10,000.00 | $6,000.00 | $ 857.14 |
| Collins, Kevin | $ 4,500.00 | $5,000.00 | $ 857.14 |
| Low, David | $ 4,500.00 | $5,000.00 | $ 857.14 |
| *Total* | *$33,000.00* | *$22,000.00* | *$3,428.56* |

# EXHIBIT 2

# MUTUAL GENERAL RELEASE
# AND SETTLEMENT AGREEMENT

1.  The parties to this agreement are **KEVIN COLLINS** ("plaintiff") and INK PUBLISHING CORPORATION and any other predecessors, successors, parents, related entities or subsidiaries ("defendants").  The purpose of this Mutual General Release and Settlement Agreement ("Settlement Agreement") is to settle and resolve any and all claims arising out of or in any way related to plaintiff's employment and all issues arising out of or related to Civil Action No. 1:11-CV-1563-RLV pending in the United States District Court, Northern District of Georgia, Atlanta Division ( referred to as the "Lawsuits").

2.  The parties agree that by entering into this Settlement Agreement, no party admits any liability or wrongdoing.  The parties expressly deny any liability or wrongdoing.

3.  In exchange for the promises and commitments expressed herein, including those expressed in paragraph 4 below, upon Court approval, plaintiff agrees:

   (a)  to waive, release, and forever resolve all claims, demands or causes of action arising out of, relating to, or touching or concerning plaintiff's employment with defendants and separation of employment from defendants, including all claims, demands or causes of action for invasion of privacy, slander, defamation, breach of contract, intentional interference with a contract or business relation, fraud, promotion, retaliation, discharge, back-pay, unpaid wages, reimbursement of expenses, employment benefits, liquidated damages, compensatory damages, punitive damages, statutory penalties, attorneys' fees and costs against defendants, their officers, directors, shareholders, employees, representatives and agents ("Releasees") and including, but not limited to, all claims, demands or causes of action arising under (1) the Age Discrimination in Employment Act (ADEA); (2) the Civil Rights Act of 1964, as amended; (3) the Fair Labor Standards Act (FLSA); (4) the Equal Pay Act (EPA); (5) the Employee Retirement Income Security Act (ERISA) (except as to vested retirement benefits); (6) the Civil Rights Act of 1866 (42 U.S.C. §§ 1981 and 1981A); (7) the Americans With Disabilities Act (ADA); (8) the Civil Rights Act of 1991; (9) COBRA; (10) the Family and Medical Leave Act of 1993 (FMLA); (11) 18 U.S.C. § 1962; (12) O.C.G.A. § 16-14-4; (13) common law theft under Georgia law; (14) O.C.G.A. § 13-6-11; and (15) punitive damages under Georgia law [Count 9].; (12) the Rehabilitation Act of 1973; (13) Executive Order 11246; (14) the Occupational Safety and Health Act (OSHA); (15) the National Labor Relations Act (NLRA); (16) unemployment compensation laws; (17) workers' compensation laws; (18) any other federal, state, or local statute, ordinance, or regulation; (19) any state or federal contractual, tort, or common law theory of liability or damages; (20) any and claims asserted in the Lawsuits; and

(b)    to waive all rights or claims to reinstatement, employment, or future employment with defendants and any other parents, affiliates, subsidiaries, components, predecessors, or successors, and agrees not to apply for or otherwise seek employment with defendants or any related entity. Plaintiff further agrees that if he becomes employed by defendants and any other parents, affiliates, subsidiaries, components, predecessors, or successors at any time after the execution of this Agreement, Plaintiff's obligations contained in this Agreement shall constitute good cause for the immediate termination of such employment. Accordingly, this Agreement shall constitute a complete bar to any claim that plaintiff may have should plaintiff apply for employment with defendants and any other parents, affiliates, subsidiaries, components, predecessors, or successors in the future and not be hired, or be hired and subsequently discharged, or otherwise be subjected to adverse employment action. If, however, plaintiff is working for a company acquired by defendants, this provision will not apply.;

4.    In exchange for the promises and commitments expressed herein, including those expressed in paragraph three (3) above, upon Court approval::

(a)    Defendants agree to pay plaintiff the sum of **$10,357.14.** The foregoing amount represents purported overtime and minimum wage damages for plaintiff in the amount of **$4,500.00,** payable to Plaintiff, and attorney's fees and costs related to the FLSA claim in the amount of **$5,857.14, payable to** Ainsworth G. Dudley, Attorney at Law. The checks shall be issued on a 1099 form from which no taxes or contributions shall be withheld. Plaintiff is responsible for the payment of all taxes related to the amount plaintiff receives under this Agreement and he or she agrees to indemnify and hold defendants harmless from any and all unpaid taxes, penalties, interest and attorneys' fees incurred by defendants resulting from plaintiff's failure to pay tax on the settlement amount;

(b)    Defendants agree to waive, release, and forever resolve all claims, demands or causes of action against plaintiff arising out of, relating to, or touching or concerning plaintiff's employment with defendants, including but not limited to all claims, demands or causes of action for invasion of privacy, slander, defamation, negligence, gross negligence, breach of contract, intentional interference with a contract or business relation, fraud, promotion, retaliation, reimbursement of expenses, employment benefits, liquidated damages, compensatory damages, punitive damages, statutory penalties, attorneys' fees and costs against plaintiff and his agents including, but not limited to, all claims, demands or causes of action arising under any other federal, state, or local statute, ordinance, or regulation, and any state or federal contractual, tort, or common law theory of liability or damages.

5.      Plaintiff agrees that the terms of this Agreement are confidential, and will not disclose its terms to anyone except her attorney, tax advisor, immediate family members or except where may be required by law.

6.      Plaintiff represents and warrants that there are no pending claims, charges or requests for investigation with respect to any aspect of Plaintiff's employment with Defendant, and that Plaintiff will not file any future claims, charges or requests for investigation with respect to any aspect of Plaintiff's employment with Defendant,

7.      The parties agree that they will not disparage or engage in conduct that has the effect of disparaging the other party.

8.      Upon receipt by plaintiff's attorney of the monies identified in paragraph 4(a) above – which shall be paid within 3 days of the date the Court enters an Order granting the parties' joint motion approving the settlement of plaintiff's FLSA claim - the parties shall file with the appropriate court a joint stipulation of dismissal, dismissing with prejudice the Lawsuits. A copy of this stipulation is attached as Exhibit A.

9.      Plaintiff represents that this agreement has been reviewed by  plaintiff's attorney. Plaintiff represents that plaintiff has been given a reasonable time-period to review and consider this Settlement Agreement, that plaintiff has read and understands the terms of this Settlement Agreement, and that plaintiff voluntarily and knowingly intends to be bound by its terms.

10.     The parties, being duly advised by their respective counsel, hereby freely and voluntarily enter into this Settlement Agreement as evidenced by their signatures on the dates shown below.

11.     The parties agree that this Settlement Agreement shall be null and void in the event its terms are not approved in full by the Court. The parties agree that this Settlement Agreement shall be null and void in the event Opt-In Plaintiff David Levy does not dismiss his case without prejudice.

INK PUBLISHING CORPORATION
Defendants

By:_____          _____
Title: _____          Date

KEVIN COLLINS                                    5|10|12
                                                 Date

# MUTUAL GENERAL RELEASE
# AND SETTLEMENT AGREEMENT

1.  The parties to this agreement are **CATHERINE HANSON** ("plaintiff") and INK PUBLISHING CORPORATION and any other predecessors, successors, parents, related entities or subsidiaries ("defendants").  The purpose of this Mutual General Release and Settlement Agreement ("Settlement Agreement") is to settle and resolve any and all claims arising out of or in any way related to plaintiff's employment and all issues arising out of or related to Civil Action No. 1:11-CV-1563-RLV and Civil Action No. 1:11-CV-1564-RLV, pending in the United States District Court, Northern District of Georgia, Atlanta Division, and Civil Action File No. 11-EV-012568E, pending in the State Court of Fulton County, State of Georgia (collectively referred to as the "Lawsuits").

2.  The parties agree that by entering into this Settlement Agreement, no party admits any liability or wrongdoing.  The parties expressly deny any liability or wrongdoing.

3.  In exchange for the promises and commitments expressed herein, including those expressed in paragraph 4 below, upon Court approval, plaintiff agrees:

    (a)  to waive, release, and forever resolve all claims, demands or causes of action arising out of, relating to, or touching or concerning plaintiff's employment with defendants and separation of employment from defendants, including all claims, demands or causes of action for invasion of privacy, slander, defamation, breach of contract, intentional interference with a contract or business relation, fraud, promotion, retaliation, discharge, back-pay, unpaid wages, reimbursement of expenses, employment benefits, liquidated damages, compensatory damages, punitive damages, statutory penalties, attorneys' fees and costs against defendants, their officers, directors, shareholders, employees, representatives and agents ("Releasees") and including, but not limited to, all claims, demands or causes of action arising under (1) the Age Discrimination in Employment Act (ADEA); (2) the Civil Rights Act of 1964, as amended; (3) the Fair Labor Standards Act (FLSA); (4) the Equal Pay Act (EPA); (5) the Employee Retirement Income Security Act (ERISA) (except as to vested retirement benefits); (6) the Civil Rights Act of 1866 (42 U.S.C. §§ 1981 and 1981A); (7) the Americans With Disabilities Act (ADA); (8) the Civil Rights Act of 1991; (9) COBRA; (10) the Family and Medical Leave Act of 1993 (FMLA); (11) 18 U.S.C. § 1962; (12) O.C.G.A. § 16-14-4; (13) common law theft under Georgia law; (14)  O.C.G.A. § 13-6-11; and (15) punitive damages under Georgia law [Count 9].; (12) the Rehabilitation Act of 1973; (13) Executive Order 11246; (14) the Occupational Safety and Health Act (OSHA); (15) the National Labor Relations Act (NLRA); (16) unemployment compensation laws; (17) workers' compensation laws; (18) any other federal, state, or local statute, ordinance, or regulation; (19) any state or federal contractual, tort, or common law theory of liability or damages; (20) any and claims asserted in the Lawsuits; and

(b)     to waive all rights or claims to reinstatement, employment, or future employment with defendants and any other parents, affiliates, subsidiaries, components, predecessors, or successors, and agrees not to apply for or otherwise seek employment with defendants or any related entity. Plaintiff further agrees that if he becomes employed by defendants and any other parents, affiliates, subsidiaries, components, predecessors, or successors at any time after the execution of this Agreement, Plaintiff's obligations contained in this Agreement shall constitute good cause for the immediate termination of such employment. Accordingly, this Agreement shall constitute a complete bar to any claim that plaintiff may have should plaintiff apply for employment with defendants and any other parents, affiliates, subsidiaries, components, predecessors, or successors in the future and not be hired, or be hired and subsequently discharged, or otherwise be subjected to adverse employment action. If, however, plaintiff is working for a company acquired by defendants, this provision will not apply.

4.     In exchange for the promises and commitments expressed herein, including those expressed in paragraph three (3) above, upon Court approval::

(a)     Defendants agree to pay plaintiff the sum of **$33,857.14** ("Settlement Amount"). The sum of **$20,857.14** of the Settlement Amount shall be allocated as settlement of the Plaintiff's claims under The Fair Labor Standards Act filed in Civil Action No. 1:11-CV-1563-RLV, pending in the United States District Court, Northern District of Georgia, Atlanta Division ("FLSA Claim"). The foregoing amount represents purported overtime and minimum wage damages for plaintiff in the amount of **$14,000.00**, payable to Plaintiff, and attorney's fees and costs related to the FLSA claim in the amount of **$6,857.14, payable to** Ainsworth G. Dudley, Attorney at Law. The checks shall be issued on a 1099 form from which no taxes or contributions shall be withheld. Plaintiff is responsible for the payment of all taxes related to the amount plaintiff receives under this Agreement and he or she agrees to indemnify and hold defendants harmless from any and all unpaid taxes, penalties, interest and attorneys' fees incurred by defendants resulting from plaintiff's failure to pay tax on the settlement amount;

(b)     Defendants agree to waive, release, and forever resolve all claims, demands or causes of action against plaintiff arising out of, relating to, or touching or concerning plaintiff's employment with defendants, including but not limited to all claims, demands or causes of action for invasion of privacy, slander, defamation, negligence, gross negligence, breach of contract, intentional interference with a contract or business relation, fraud, promotion, retaliation, reimbursement of expenses, employment benefits, liquidated damages, compensatory damages, punitive damages, statutory penalties, attorneys' fees and costs against plaintiff and his agents including, but not limited to, all claims, demands or causes of action arising under any other federal, state, or

Anderson v.3

local statute, ordinance, or regulation, and any state or federal contractual, tort, or common law theory of liability or damages.

5. Plaintiff agrees that the terms of this Agreement are confidential, and will not disclose its terms to anyone except her attorney, tax advisor, immediate family members or except where may be required by law.

6. Plaintiff represents and warrants that there are no pending claims, charges or requests for investigation with respect to any aspect of Plaintiff's employment with Defendant, and that Plaintiff will not file any future claims, charges or requests for investigation with respect to any aspect of Plaintiff's employment with Defendant,

7. The parties agree that they will not disparage or engage in conduct that has the effect of disparaging the other party.

8. Upon receipt by plaintiff's attorney of the monies identified in paragraph 4(a) above – which shall be paid within 3 days of the date the Court enters an Order granting the parties' joint motion approving the settlement of plaintiff's FLSA claim - the parties shall file with the appropriate court a joint stipulation of dismissal, dismissing with prejudice the Lawsuits. Copies of these stipulations are attached as Exhibits A, B, and C.

9. Plaintiff represents that this agreement has been reviewed by plaintiff's attorney. Plaintiff represents that plaintiff has been given a reasonable time-period to review and consider this Settlement Agreement, that plaintiff has read and understands the terms of this Settlement Agreement, and that plaintiff voluntarily and knowingly intends to be bound by its terms.

10. The parties, being duly advised by their respective counsel, hereby freely and voluntarily enter into this Settlement Agreement as evidenced by their signatures on the dates shown below.

11. The parties agree that this Settlement Agreement shall be null and void in the event its terms are not approved in full by the Court. The parties agree that this Settlement Agreement shall be null and void in the event Opt-In Plaintiff David Levy does not dismiss his case without prejudice.

INK PUBLISHING CORPORATION
Defendants

By:_____  _____
Title:_____  Date

Anderson v.3      3

CATHERINE HANSON        5/11/12

                        Date

# MUTUAL GENERAL RELEASE
# AND SETTLEMENT AGREEMENT

1. The parties to this agreement are **HOPE LEVY** ("plaintiff") and INK PUBLISHING CORPORATION and any other predecessors, successors, parents, related entities or subsidiaries ("defendants").   The purpose of this Mutual General Release and Settlement Agreement ("Settlement Agreement") is to settle and resolve any and all claims arising out of or in any way related to plaintiff's employment and all issues arising out of or related to Civil Action No. 1:11-CV-1563-RLV and Civil Action No. 1:11-CV-1564-RLV, pending in the United States District Court, Northern District of Georgia, Atlanta Division (collectively referred to as the "Lawsuits").

2. The parties agree that by entering into this Settlement Agreement, no party admits any liability or wrongdoing.  The parties expressly deny any liability or wrongdoing.

3. In exchange for the promises and commitments expressed herein, including those expressed in paragraph 4 below, upon Court approval, plaintiff agrees:

   (a) to waive, release, and forever resolve all claims, demands or causes of action arising out of, relating to, or touching or concerning plaintiff's employment with defendants and separation of employment from defendants, including all claims, demands or causes of action for invasion of privacy, slander, defamation, breach of contract, intentional interference with a contract or business relation, fraud, promotion, retaliation, discharge, back-pay, unpaid wages, reimbursement of expenses, employment benefits, liquidated damages, compensatory damages, punitive damages, statutory penalties, attorneys' fees and costs against defendants, their officers, directors, shareholders, employees, representatives and agents ("Releasees") and including, but not limited to, all claims, demands or causes of action arising under (1) the Age Discrimination in Employment Act (ADEA); (2) the Civil Rights Act of 1964, as amended; (3) the Fair Labor Standards Act (FLSA); (4) the Equal Pay Act (EPA); (5) the Employee Retirement Income Security Act (ERISA) (except as to vested retirement benefits); (6) the Civil Rights Act of 1866 (42 U.S.C. §§ 1981 and 1981A); (7) the Americans With Disabilities Act (ADA); (8) the Civil Rights Act of 1991; (9) COBRA; (10) the Family and Medical Leave Act of 1993 (FMLA); (11) 18 U.S.C. § 1962; (12) O.C.G.A. § 16-14-4; (13) common law theft under Georgia law; (14)  O.C.G.A. § 13-6-11; and (15) punitive damages under Georgia law [Count 9].; (12) the Rehabilitation Act of 1973; (13) Executive Order 11246; (14) the Occupational Safety and Health Act (OSHA); (15) the National Labor Relations Act (NLRA); (16) unemployment compensation laws; (17) workers' compensation laws; (18) any other federal, state, or local statute, ordinance, or regulation; (19) any state or federal contractual, tort, or common law theory of liability or damages; (20) any and claims asserted in the Lawsuits; and

(b)     to waive all rights or claims to reinstatement, employment, or future employment with defendants and any other parents, affiliates, subsidiaries, components, predecessors, or successors, and agrees not to apply for or otherwise seek employment with defendants or any related entity.  Plaintiff further agrees that if he becomes employed by defendants and any other parents, affiliates, subsidiaries, components, predecessors, or successors at any time after the execution of this Agreement, Plaintiff's obligations contained in this Agreement shall constitute good cause for the immediate termination of such employment.  Accordingly, this Agreement shall constitute a complete bar to any claim that plaintiff may have should plaintiff apply for employment with defendants and any other parents, affiliates, subsidiaries, components, predecessors, or successors in the future and not be hired, or be hired and subsequently discharged, or otherwise be subjected to adverse employment action.    If, however, plaintiff is working for a company acquired by defendants, this provision will not apply.

4.     In exchange for the promises and commitments expressed herein, including those expressed in paragraph three (3) above, upon Court approval:

(a)     Defendants agree to pay plaintiff the sum of **$18,857.14** ("Settlement Amount"). The sum of **$16,857.14** of the Settlement Amount shall be allocated as settlement of  the Plaintiff's claims under The Fair Labor Standards Act filed in Civil Action No. 1:11-CV-1563-RLV, pending in the United States District Court, Northern District of Georgia, Atlanta Division ("FLSA Claim"). The foregoing amount represents  purported overtime and minimum wage damages for plaintiff in the amount of **$10,000.00,** payable to Plaintiff, and attorney's fees and costs related to the FLSA claim in the amount of **$6,857.14, payable to** Ainsworth G. Dudley, Attorney at Law.  The checks shall be issued on a 1099 form from which no taxes or contributions shall be withheld. Plaintiff is responsible for the payment of all taxes related to the amount plaintiff receives under this Agreement and he or she agrees to indemnify and hold defendants harmless from any and all unpaid taxes, penalties, interest and attorneys' fees incurred by defendants resulting from plaintiff's failure to pay tax on the settlement amount;

(b)     Defendants agree to waive, release, and forever resolve all claims, demands or causes of action against plaintiff arising out of, relating to, or touching or concerning plaintiff's employment with defendants, including but not limited to all claims, demands or causes of action for invasion of privacy, slander, defamation, negligence, gross negligence, breach of contract, intentional interference with a contract or business relation, fraud, promotion, retaliation, reimbursement of expenses, employment benefits, liquidated damages, compensatory damages, punitive damages, statutory penalties, attorneys' fees and costs against plaintiff and his agents including, but not limited to, all claims, demands or causes of action arising under any other federal, state, or

local statute, ordinance, or regulation, and any state or federal contractual, tort, or common law theory of liability or damages.

5.   Plaintiff agrees that the terms of this Agreement are confidential, and will not disclose its terms to anyone except her attorney, tax advisor, immediate family members or except where may be required by law.

6.   Plaintiff represents and warrants that there are no pending claims, charges or requests for investigation with respect to any aspect of Plaintiff's employment with Defendant, and that Plaintiff will not file any future claims, charges or requests for investigation with respect to any aspect of Plaintiff's employment with Defendant,

7.   The parties agree that they will not disparage or engage in conduct that has the effect of disparaging the other party.

8.   Upon receipt by plaintiff's attorney of the monies identified in paragraph 4(a) above – which shall be paid within 3 days of the date the Court enters an Order granting the parties' joint motion approving the settlement of plaintiff's FLSA claim - the parties shall file with the appropriate court a joint stipulation of dismissal, dismissing with prejudice the Lawsuits. Copies of these stipulations are attached as Exhibits A and B.

9.   Plaintiff represents that this agreement has been reviewed by  plaintiff's attorney. Plaintiff represents that plaintiff has been given a reasonable time-period to review and consider this Settlement Agreement, that plaintiff has read and understands the terms of this Settlement Agreement, and that plaintiff voluntarily and knowingly intends to be bound by its terms.

10.   The parties, being duly advised by their respective counsel, hereby freely and voluntarily enter into this Settlement Agreement as evidenced by their signatures on the dates shown below.

11.   The parties agree that this Settlement Agreement shall be null and void in the event its terms are not approved in full by the Court. The parties agree that this Settlement Agreement shall be null and void in the event Opt-In Plaintiff David Levy does not dismiss his case without prejudice.

INK PUBLISHING CORPORATION
Defendants

By:_____

Title: _____          Date _____

Anderson v.3                                    3

_____          _____
HOPE LEVY                                  5-11·2012
                                          Date

# MUTUAL GENERAL RELEASE
# AND SETTLEMENT AGREEMENT

1.  The parties to this agreement are **DAVID LOW** ("plaintiff") and INK PUBLISHING CORPORATION and any other predecessors, successors, parents, related entities or subsidiaries ("defendants").   The purpose of this Mutual General Release and Settlement Agreement ("Settlement Agreement") is to settle and resolve any and all claims arising out of or in any way related to plaintiff's employment and all issues arising out of or related to Civil Action No. 1:11-CV-1563-RLV pending in the United States District Court, Northern District of Georgia, Atlanta Division ( referred to as the "Lawsuits").

2.  The parties agree that by entering into this Settlement Agreement, no party admits any liability or wrongdoing.  The parties expressly deny any liability or wrongdoing.

3.  In exchange for the promises and commitments expressed herein, including those expressed in paragraph 4 below, upon Court approval, plaintiff agrees:

    (a)  to waive, release, and forever resolve all claims, demands or causes of action arising out of, relating to, or touching or concerning plaintiff's employment with defendants and separation of employment from defendants, including all claims, demands or causes of action for invasion of privacy, slander, defamation, breach of contract, intentional interference with a contract or business relation, fraud, promotion, retaliation, discharge, back-pay, unpaid wages, reimbursement of expenses, employment benefits, liquidated damages, compensatory damages, punitive damages, statutory penalties, attorneys' fees and costs against defendants, their officers, directors, shareholders, employees, representatives and agents ("Releasees") and including, but not limited to, all claims, demands or causes of action arising under (1) the Age Discrimination in Employment Act (ADEA); (2) the Civil Rights Act of 1964, as amended; (3) the Fair Labor Standards Act (FLSA); (4) the Equal Pay Act (EPA); (5) the Employee Retirement Income Security Act (ERISA) (except as to vested retirement benefits); (6) the Civil Rights Act of 1866 (42 U.S.C. §§ 1981 and 1981A); (7) the Americans With Disabilities Act (ADA); (8) the Civil Rights Act of 1991; (9) COBRA; (10) the Family and Medical Leave Act of 1993 (FMLA); (11) 18 U.S.C. § 1962; (12) O.C.G.A. § 16-14-4; (13) common law theft under Georgia law; (14)  O.C.G.A. § 13-6-11; and (15) punitive damages under Georgia law [Count 9].; (12) the Rehabilitation Act of 1973; (13) Executive Order 11246; (14) the Occupational Safety and Health Act (OSHA); (15) the National Labor Relations Act (NLRA); (16) unemployment compensation laws; (17) workers' compensation laws; (18) any other federal, state, or local statute, ordinance, or regulation; (19) any state or federal contractual, tort, or common law theory of liability or damages; (20) any and claims asserted in the Lawsuits; and

Anderson v.3

(b)     to waive all rights or claims to reinstatement, employment, or future employment with defendants and any other parents, affiliates, subsidiaries, components, predecessors, or successors, and agrees not to apply for or otherwise seek employment with defendants or any related entity. Plaintiff further agrees that if he becomes employed by defendants and any other parents, affiliates, subsidiaries, components, predecessors, or successors at any time after the execution of this Agreement, Plaintiff's obligations contained in this Agreement shall constitute good cause for the immediate termination of such employment. Accordingly, this Agreement shall constitute a complete bar to any claim that plaintiff may have should plaintiff apply for employment with defendants and any other parents, affiliates, subsidiaries, components, predecessors, or successors in the future and not be hired, or be hired and subsequently discharged, or otherwise be subjected to adverse employment action.   If, however, plaintiff is working for a company acquired by defendants, this provision will not apply.

4.     In exchange for the promises and commitments expressed herein, including those expressed in paragraph three (3) above, upon Court approval:

(a)     Defendants agree to pay plaintiff the sum of **$10,357.14.** The foregoing amount represents purported overtime and minimum wage damages for plaintiff in the amount of **$4,500.00,** payable to Plaintiff, and attorney's fees and costs related to the FLSA claim in the amount of **$5,857.14, payable to** Ainsworth G. Dudley, Attorney at Law.  The checks shall be issued on a 1099 form from which no taxes or contributions shall be withheld. Plaintiff is responsible for the payment of all taxes related to the amount plaintiff receives under this Agreement and he or she agrees to indemnify and hold defendants harmless from any and all unpaid taxes, penalties, interest and attorneys' fees incurred by defendants resulting from plaintiff's failure to pay tax on the settlement amount;

(b)     Defendants agree to waive, release, and forever resolve all claims, demands or causes of action against plaintiff arising out of, relating to, or touching or concerning plaintiff's employment with defendants, including but not limited to all claims, demands or causes of action for invasion of privacy, slander, defamation, negligence, gross negligence, breach of contract, intentional interference with a contract or business relation, fraud, promotion, retaliation, reimbursement of expenses, employment benefits, liquidated damages, compensatory damages, punitive damages, statutory penalties, attorneys' fees and costs against plaintiff and his agents including, but not limited to, all claims, demands or causes of action arising under any other federal, state, or local statute, ordinance, or regulation, and any state or federal contractual, tort, or common law theory of liability or damages.

Anderson v.3

2

5.    Plaintiff agrees that the terms of this Agreement are confidential, and will not disclose its terms to anyone except her attorney, tax advisor, immediate family members or except where may be required by law.

6.    Plaintiff represents and warrants that there are no pending claims, charges or requests for investigation with respect to any aspect of Plaintiff's employment with Defendant, and that Plaintiff will not file any future claims, charges or requests for investigation with respect to any aspect of Plaintiff's employment with Defendant,

7.    The parties agree that they will not disparage or engage in conduct that has the effect of disparaging the other party.

8.    Upon receipt by plaintiff's attorney of the monies identified in paragraph 4(a) above – which shall be paid within 3 days of the date the Court enters an Order granting the parties' joint motion approving the settlement of plaintiff's FLSA claim - the parties shall file with the appropriate court a joint stipulation of dismissal, dismissing with prejudice the Lawsuits. A copy of this stipulation is attached as Exhibit A.

9.    Plaintiff represents that this agreement has been reviewed by plaintiff's attorney. Plaintiff represents that plaintiff has been given a reasonable time-period to review and consider this Settlement Agreement, that plaintiff has read and understands the terms of this Settlement Agreement, and that plaintiff voluntarily and knowingly intends to be bound by its terms.

10.   The parties, being duly advised by their respective counsel, hereby freely and voluntarily enter into this Settlement Agreement as evidenced by their signatures on the dates shown below.

11.   The parties agree that this Settlement Agreement shall be null and void in the event its terms are not approved in full by the Court. The parties agree that this Settlement Agreement shall be null and void in the event Opt-In Plaintiff David Levy does not dismiss his case without prejudice.

INK PUBLISHING CORPORATION
Defendants

By:_____          _____
Title:_____          Date

**DAVID LOW**         Date   5/15/2012

4 pgs total